# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

ERIC POLSTON                                              PLAINTIFF


v.                        Case No. 3:08-cv-206–DPM


FORD MOTOR COMPANY, INC.                          DEFENDANT

## ORDER

For the reasons stated on the record during the 16 September 2010 hearing, the Court rules as follows on the parties' pending motions. There are four general rulings at the threshold. First, the Court grants Polston's unopposed motion, *Document No. 53*, to voluntarily dismiss his negligence, failure-to-warn, breach-of-warranty, and punitive-damages claims without prejudice and without conditions. Second, Polston's motion to compel, *Document No. 29*, is denied. Third, where the Court has granted a motion *in limine*, it may revisit any issue at trial if any protected party opens the door to a precluded matter. In that instance, counsel should approach and the Court will decide how best to proceed. Fourth, where the Court has granted a motion *in limine*, all counsel are barred from mentioning or bringing before

the jury the issue—either directly or indirectly—during *voir dire*, opening statements, witness questioning, or by other means.  Counsel for the parties should also instruct their witnesses not to mention any thing that is off limits.

Here are the Court's specific rulings on the motions *in limine*:

- Polston's motion to exclude the Traveler Bar Study, *Document No. 27*, is left undecided pending further discussion by the parties and report to the Court.

- Polston's omnibus motion, *Document No. 54*, is granted pursuant to the parties' agreement—with the exception that Ford's counsel may ask whether Eric Polston or his family members drive Ford vehicles.

- Polston's motion to prevent Dr. Tom McNish from stating that he was a prisoner of war, *Document No. 63*, is granted pursuant to the parties' agreement.

- Polston's motion to prevent Ford from referring to compliance with industry standards, *Document No. 57*, is denied in part and reserved in part.  Ford may reference FMVS 209(e).  The Court reserves ruling, however, on other parts of FMVS 209, FMVS 208, and FMVS 210 until the parties confer again and inform the Court whether any other parts of these regulations touch the alleged design defect.

- Polston's motion to prevent Ford from arguing comparative negligence, *Document No. 59*, is denied.  This is an issue for any motion seeking judgment as a matter of law at trial.

- Polston's motion to prevent Ford from referencing evidence of testing that Ford has not produced to Polston, *Document No. 56*, is granted pursuant to the parties' agreement.

- Polston's motion to exclude TRW's 30(B)(6) witness testimony about defect, *Document No. 61*, is denied without prejudice. The parties may revisit this issue as they designate deposition excerpts for use at trial pursuant to the Court's scheduling order.

- Ford's omnibus motion, *Document No. 45*, is granted pursuant to the parties' agreement — with the caveat that Polston's expert may interpret any test as any engineer might do while not attributing any particular interpretation to Ford.

- Ford's motion to exclude the current artist's drawing of Polston's torso abrasions, *Document No. 46*, is granted.

- Ford's motion to prevent referencing industry standards and use of certain manufacturing logos, *Document No. 48*, is granted pursuant to the parties' agreement.

- Ford's motion to prevent the introduction of certain subsequent remedial measures into evidence, *Document No. 50*, under Fed. R. Evid. 407 or under Fed. R. Evid. 401 and 403 is granted.

The Court also confirms its rulings on Ford's oral motion for a protective order to prevent Polston from belatedly deposing Nurse Teresa Mayer, the stipulated testimony of Deputy Harris, and the excited-utterance and habit evidentiary issues:

- Ford's oral motion for a protective order to prevent the trial testimony by deposition of Nurse Teresa Mayer is denied. The Court encourages the parties to confer and agree on whether Nurse Mayer's testimony will be presented to the jury live or by deposition. As specified at the hearing, the Court bars Polston from mentioning or commenting on any change in Dr. McNish's previous testimony or opinions made in response to the new

3

testimony from Nurse Mayer. Polston is specifically barred from cross examining Dr. McNish about any pre-Mayer opinion that Dr. McNish does not express post-Mayer. Ford, moreover, may reopen Dr. Croce's deposition at its convenience before trial to inquire about abrasions.

- The Court grants the parties' oral motion to receive Deputy Sheriff Harris's stipulated testimony based on that witnesses's unavailability.

- The Court is inclined to allow witnesses with knowledge to testify that Polston habitually used his seatbelt. If Ford submits more argument, or points to additional pre-trial testimony on this issue by 22 September 2010, the Court will reconsider.

- The Court is likewise inclined to allow Polston's statements to Deputy Harris (including those about seatbelt usage) at the scene right after the accident into evidence as excited utterances. If Ford submits more argument, or points to additional pre-trial testimony on this issue by 22 September 2010, the Court will reconsider.

By 22 September 2010, the parties should report to the Court on the following issues:

- The parties should report on whether they have reached common ground on the Traveler Bar Study.

- Ford should inform the Court whether it has additional arguments against Polston's excited-utterance and habit evidence.

- After reflection, does either party object to the Court having the jury work from 8:30 a.m. to around 3:30–4:00 p.m.?

4

- What additional particulars about the buck or other demonstrative evidence can the parties share with the Court?

- Does any party plan on using FMVS 208 or 210 in any manner at trial? And have any parts of FMVS 209 been identified as potentially relevant besides 209(e)?

One other loose end came up during the hearing: how, if at all, does Ark. Code Ann. § 27-37-703 (or any other Arkansas statute about evidence of seatbelt usage) fit into this case? Because sealtbelt usage is a key issue, the Court asks the parties to file simultaneous briefs (not to exceed five pages) on September 27th on this issue. The Court is particularly interested in how the statute(s) may apply to Polston's strict product liability claim.

The Court forgot to address at the hearing Polston's motion, *Document No. 66*, to clarify a paper. The Court grants this motion, which corrects a scrivener's error.

Finally, the Court informs the parties that the courtroom will be available to them on 30 September 2010 and on 1 October 2010 from 8:00 a.m. to 5:00 p.m. each day. The parties may view the courtroom, set up and test the buck and other authorized equipment, bring in all the exhibits, and otherwise generally prepare for the October 4th trial.

5

So Ordered.


_W.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge


_20 September 2010_