IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ERIC POLSTON                                                          PLAINTIFF

v.                         Case No. 3:08-cv-206-DPM

FORD MOTOR COMPANY, INC.                              DEFENDANT

ORDER

The Court has received the parties' joint letter report (which is attached and incorporated) on open issues. The Court appreciates the parties' continued diligent cooperation.

1.    The Court endorses and adopts the parties' proposed and agreed solutions on the Traveler Bar Study and the buck.

2.    The Court's preliminary ruling on Polston's statements to Deputy Harris is now its final ruling. Those statements are admissible as excited utterances. The Court will reconsider the seatbelt-habit issue after both parties brief it. Ford has filed its brief. And the Court would appreciate getting Polston's brief by September 29th.

3. The Court will give the jury the option of working school-day hours or banker's hours. If it chooses the former, the Court and counsel will address law issues at the end of each day. If the jury chooses the latter, the Court and counsel will work early or late as needed.

4. On the Federal Motor Vehicle Safety Standards, FMVSS 210 is off the table by agreement. FMVSS 209(e) remains in. Ford should identity to Polston and the Court any other parts of FMVSS 209, and any parts of FMVSS 208, that it intends to use at least the day before Ford anticipates using the regulatory material at trial.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 Sept. 2010

EDWARD L. WRIGHT (1903-1977)
ROBERT S. LINDSEY (1913-1991)
ALSTON JENNINGS (1917-2004)
JOHN G. LILE
GORDON S. RATHER, JR.
ALSTON JENNINGS, JR.
JOHN R. TISDALE
JOHN WILLIAM SPIVEY III
LEE J. MULDROW
N.M. NORTON
CHARLES T. COLEMAN
EDWIN L. LOWTHER, JR.
GREGORY T. JONES
BETTINA E. BROWNSTEIN
WALTER McSPADDEN
JOHN D. DAVIS
JUDY SIMMONS HENRY
KIMBERLY WOOD TUCKER
RAY F. COX, JR.
TROY A. PRICE
KATHRYN A. PRYOR
J. MARK DAVIS
JERRY J. SALLINGS
WILLIAM STUART JACKSON
MICHAEL D. BARNES
STEPHEN R. LANCASTER
KYLE R. WILSON
C. TAD BOHANNON
J. CHARLES DOUGHERTY
M. SEAN HATCH
J. ANDREW VINES
MICHELLE M. KAEMMERLING

# WRIGHT, LINDSEY & JENNINGS LLP

ATTORNEYS AT LAW

200 WEST CAPITOL AVENUE, SUITE 2300
LITTLE ROCK, ARKANSAS 72201-3699
(501) 371-0808 • FAX (501) 376-9442

903 NORTH 47TH STREET, SUITE 101
ROGERS, ARKANSAS 72756
(479) 986-0888 • FAX (479) 986-8932

www.wlj.com

Writer's Direct Dial No. 501-212-1294
elowther@wlj.com
Reply to Little Rock Office

September 22, 2010

SCOTT ANDREW IRBY
PATRICK D. WILSON
DAVID P. GLOVER
REGINA A. YOUNG
PAUL D. MORRIS
EDWARD RIAL ARMSTRONG
GARY D. MARTS, JR.
ERIC BERGER
P. DELANNA PADILLA
CALEY B. VO
JOHNATHAN D. HORTON
KATHRYN M. IRBY
CHESTER H. LAUCK, III
DAVID L. JONES
W. CARSON TUCKER
JANE A. KIM
ADRIENNE L. JUNG
KRISTEN S. MOYERS
ERIN S. BROGDON
RICHARD BLAKELY GLASGOW
DIANA E. BORGOGNONI
PATRICK M. YOUNG
ANTWAN D. PHILLIPS
BRIAN C. HOGUE
MATTHEW A. GLOVER
BAXTER D. DRENNON
MICHAEL A. THOMPSON

OF COUNSEL
RONALD A. MAY
ROGER A. GLASGOW
BRUCE R. LINDSEY
JAMES R. VAN DOVER
CHARLES S. BOHANNON
JUSTIN T. ALLEN

**VIA EMAIL**

The Hon. Price Marshall
U.S. District Courthouse
600 West Capitol Avenue, Room B149
Little Rock, Arkansas 72201

RE: Eric Polston v. Ford Motor Company
USDC Eastern District/Jonesboro Division No. 3:08 CV 0206 JMM

Dear Judge Marshall:

In accordance with the Court's order of September 20, 2010, this is the parties' report on the various issues left open following the hearing on September 16, 2010.

The parties have reached common ground on the Traveler Bar Study. In paragraph 8 of his affidavit, Eddie Cooper summarized the significance of the Study, noting that it is one of the very few research studies that demonstrates general principles of low level dynamic loading of seat belt latch plates and the load marks that result. The parties agree that Mr. Cooper should be permitted to refer to the Traveler Bar Study as empirical evidence that a low-belt-load event can result in markings on the seat belt latch plates, but that he should not be allowed to represent or suggest in anyway that the conditions under which the Study was performed are similar, much less substantially similar, to the conditions of the Polston accident. He may be permitted, however, to offer an opinion that Mr. Polston was not belted based on his education, experience and review of pertinent materials that include the Study.

890215-v1

WRIGHT, LINDSEY & JENNINGS LLP

September 21, 2010
Page 2

Ford does not have additional arguments against Polston's excited-utterance evidence. Ford does have additional arguments against Polston's habit evidence, and will present those arguments in a separate pleading titled "Ford's Response to Plaintiff's Trial Brief". Polston would like an opportunity to respond to Ford's additional arguments concerning the habit evidence once Ford has filed its brief on that issue.

Neither party objects to the Court having the jury work from 8:30 a.m. to around 3:30-4:00 p.m. The parties would ask the Court if it would prefer to address anticipated issues once the jury has been excused at the close of the trial day or the following morning before the jury is brought back to hear evidence.

The buck simply is too large to bring into the courtroom. The parties have agreed that plaintiff can videotape a demonstration using the buck. Plaintiff's counsel has agreed to make the buck available to Ford upon request for demonstrative use by its expert witnesses. The parties have also agreed to exchange any videotapes made utilizing the buck in sufficient time to allow opposing counsel to prepare for cross-examination. Neither party is waiving any other objections they might have to the demonstration itself. This agreement is subject to Ford confirming that the buck's components accurately duplicate the corresponding components of the subject 1998 Windstar.

Ford will identify all sections of FMVSS 208 and 209 that it considers relevant outside the presence of the jury before questioning any witness regarding those provisions. For example, FMVSS 208 prescribes performance standards for the entire restraint system, including the buckle. The buckle itself must satisfactorily perform before the system as a whole can be certified as complying with FMVSS 208. Polston argues the performance standards of FMVSS 208 are not relevant in this action because they do not address inadvertent unlatching. Polson agrees with the Court that FMVSS 209(e) does make reference in general to inadvertent unlatching, but Polston argues the remainder of 209 is not relevant to this matter. The parties agree that FMVSS 210 is not relevant.

The parties note the Court's request for simultaneous briefs on the seatbelt usage issue, and will file theirs on September 27, 2010.

890215-v1

WRIGHT, LINDSEY & JENNINGS LLP

September 21, 2010
Page 3

Although this letter is on the letterhead of Ford's counsel and signed by Ford's counsel alone, James Pratt has reviewed this letter and has authorized me to represent to the Court that it accurately reflects the position of both parties.

                Cordially yours,

                WRIGHT, LINDSEY & JENNINGS LLP

                Edwin L. Lowther, Jr.

ELL/ell
cc:    Jim Pratt

890215-v1