## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

ERIC N. POLSTON                                              PLAINTIFF

v.                          Case No. 3:08-cv-206–DPM

FORD MOTOR COMPANY, INC.                         DEFENDANT

## ORDER

After the other party had been fully heard on various issues at the recent trial, Ford and Polston both sought judgment as a matter of law. FED. R. CIV. P. 50(a); *see generally E.E.O.C. v. Southwestern Bell Telephone, L.P.*, 550 F.3d 704, 708–09 (8th Cir. 2008).   Ford argued that no legally sufficient evidentiary basis existed for a reasonable jury to find either that the seat belt buckle was defective or that any defect proximately caused Polston's injuries. Polston argued that—beyond the question of his seat belt use—no legally sufficient evidentiary basis existed for the jury to find him at fault.  The Court received bench briefs and authorities, and heard oral argument, on all these points.  And the Court took these motions under advisement.

The Court now denies Polston's motion.  A reasonable jury could have credited the following testimony: distracted by the puppy getting sick in Mea

Powers's lap and her response, Polston took his eyes off the road; Polston then lost control of the van after he looked back up, saw a big dog in the road, and swerved; Polston had an unobstructed view down the highway for hundreds of feet on a clear and sunny day; and if Polston had braked on leaving the road, the van would have stopped right before or at the embankment. This testimony provided the basis for the Court's jury instruction on a driver's duties under Arkansas law and adequately supports a reasonable jury finding fault on Polston's part.

The Court disagrees with Polston's argument that any driving-related fault drops out of the legal equation because the experts agreed that a belted driver who had remained belted would have survived this accident with no significant injury. Arkansas defines the fault to be compared as "any act, omission, conduct . . . or breach of any legal duty which is a proximate cause of any damages sustained by any party." ARK. CODE ANN. § 16-64-122(c) (Repl. 2005). The parties agreed on the Arkansas Model Instruction that defines proximate cause and provides that "if two or more causes work together to produce damage, then you may find that each of them was a proximate cause." Court Instruction No. 19 (AMI Civil 2010, 501).

2

This record allowed a reasonable jury to conclude that Polston's driving *and* the seat belt buckle worked together to produce the damages sustained. The fact finder could have concluded that a more attentive driver, or one who had kept his vehicle under control, could have stopped before he hit the embankment or at least substantially reduced his speed before doing so. According to Polston's proof, it was the combination of the van hitting the embankment in a particular way, at a particular speed, that launched the vehicle into the air, prompted the driver's-side-down roll, and moved Powers into Polston's buckle. Polston's driving started this entire sequence.

The Court also denies Ford's motions. The record made an issue for the jury on defect. Some key facts here included the undisputed existence of feasible and available alternative buckle designs with flush or recessed buttons and Steve Meyer's expert opinion. That opinion was based on the combination of the button profile, Meyer's ball testing, the placement of the buckle housing, the depression distance before actuation, and the absence of a console in the van. Of course each of these particulars was disputed by other proof. But this evidence provided a legally sufficient evidentiary basis for a reasonable jury to conclude that this design was unreasonably

3

dangerous because it did not minimize accidental release contrary to a reasonable consumer's expectations.

The legal sufficiency of the proof establishing a causal link between the buckle's design and Polston's damages remains a closer issue in the Court's mind. Unless reasonable minds cannot differ, proximate cause is a question of fact for the jury, not the Court. *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.*, 345 Ark. 555, 565, 49 S.W.3d 107, 113 (2001). Was there sufficient evidence for a reasonable juror to conclude that the buckle's design was "a cause which, in a natural and continuous sequence, produce[d] damages and without which the damage would not have occurred[?]" Court's Instruction No. 19 (AMI Civil 2010, 501). Yes.

It was common ground at trial that rollovers are chaotic events. A reasonable consumer, the parties' witnesses also agreed, expects his or her seat belt to stay buckled during an accident. Polston's belt came unlatched during the accident.* Dr. Martha Bidez, Polston's expert on occupant movement, opined that Powers (who was unbelted) moved during the

---

*The parties agreed in their arguments that, for purposes of these motions, the Court had to assume Polston was wearing his seat belt. The jury eventually resolved that much-disputed fact in Polston's favor.

4

rollover towards Polston and (more likely than not) the blade of her hand hit Polston's buckle and unlatched his belt.

Ford says that Bidez's opinion cannot get the case to the jury because it is speculation, empty words from an experienced expert rather than a valid opinion based on scientific method and principle.  Until this trial, the Court was unfamiliar with "kinematics," which was operationally defined by the witnesses as the study of occupant movement during vehicle crashes.[**]  But this seems to be an established area of scientific study, and both Ford and Polston offered unchallenged (credential-wise) experts who expressed differing opinions (dependent on varying accident reconstructions) about how Polston and Powers moved in and out of the van during the crash.

One reasonable person might be skeptical about Dr. Bidez's "blade of the hand" activation theory.  It was, however, not incredible, unreasoned, or simply speculation.  Another reasonable person might conclude—based on Dr. Bidez's training, experience, and study of the particulars of this accident—that her theory was probably correct.  No one can know exactly

---

[**]Compare the word book: kinematics is "The science of pure motion, considered without reference to the matter or objects moved, or to the force producing or changing the motion."  VIII THE OXFORD ENGLISH DICTIONARY 443 (2d ed. 1989).

what happened in the van.  Both occupant-movement experts testified in terms of probabilities.  Some part of Powers's body or Polston's or some thing released the belt during this chaotic event.  The particular instrument of the release does not seem determinative to the Court on whether a fact question existed on proximate cause.  Neither the experts nor the facts suggested a false-latching or inertial-unlatching explanation.

A reasonable jury could conclude, viewing the record in the light most favorable to Polston, that the buckle's design led in a natural and continuous sequence to the release and Polston's damages during the event.  It was for the jury to decide whether (1) Ford's buckle minimized the possibility of accidental release and Polston's damages were not proximately caused by the design or (2) the design was a concurring proximate cause in Polston's damages.  Put differently, reasonable people could answer the causation question either way on this record without speculating.

So Ordered.

D.P. Marshall Jr.
United States District Judge

26 October 2010

6