UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ERIC N. POLSTON                                                PLAINTIFF

v.                    Case No. 3:08-cv-206-DPM

FORD MOTOR COMPANY, INC.                          DEFENDANT

JUDGMENT ON JURY VERDICT

The parties tried this case to a twelve-person jury from 4 October 2010 until 15 October 2010. After deliberations, on October 15th, the jury awarded $19,000,000.00 in compensatory damages to Eric N. Polston against Ford Motor Company, Inc., on Polston's strict-liability claim based on a design defect. The jury also apportioned 69% of the fault to Ford and 31% to Polston. The verdict, which consists of the jury's answers to five interrogatories, is attached and incorporated.

Before the trial began, the Court dismissed — without prejudice and without conditions — Polston's negligence, failure-to-warn, breach-of-warranty, and punitive-damages claims against Ford. *Document No. 70.* The pre-trial dismissal left only the design-defect claim for trial.

At trial, Polston moved for a judgment as a matter of law on Ford's affirmative defense that Polston was negligent. And Ford twice moved at trial for a judgment as a matter of law on Polston's design-defect claim. The Court has recently denied all these motions. *Document No. 110.*

The Court enters judgment for Polston against Ford for $13,110,000.00, postjudgment interest as provided by law, and costs as the Court may later allow. The underlying judgment amount is the $19,000,000.00 in damages the jury awarded reduced by 31% — the percentage of fault the jury apportioned to Polston. Postjudgment interest will accrue at 0.22% per annum from this order's date until the judgment is paid. 28 U.S.C.A. § 1961(a)-(b) (West 2006).

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 October 2010

# INTERROGATORY NO. 1

**Instruction:** If you answer this Interrogatory "Yes," then you must proceed to Interrogatory No. 2. If you answer "No," then you must skip to the end of this form, sign and date it, and advise the Court that you have completed your deliberations.

**Interrogatory No. 1:** Do you find that Eric Polston was wearing his seatbelt when he left the road?

Yes ✓          No _____



## INTERROGATORY NO. 2

**Instruction:** If you answer this Interrogatory "Yes," then you must proceed to Interrogatory No. 3. If you answer "No," then you must skip to the end of this form, sign and date it, and advise the Court that you have finished your deliberations.

**Interrogatory No. 2:** Do you find by a preponderance of the evidence that the seatbelt buckle was supplied by Ford in a defective condition that was unreasonably dangerous and that the defective seatbelt buckle was a proximate cause of any damages Eric Polston may have sustained?

Yes  ✓     No ____

## INTERROGATORY NO. 3

**Instruction**: If you answer this Interrogatory "Yes," then you must answer Interrogatory No. 4. If you answer "No," then you must answer Interrogatory No. 5.

**Interrogatory No. 3**: Do you find by a preponderance of the evidence that there was negligence on the part of Eric Polston that was a proximate cause of any damages he may have sustained?

Yes    No_____

# INTERROGATORY NO. 4

**Instruction:** Answer this Interrogatory only if you answered "Yes" to both Interrogatory No. 2 and Interrogatory No. 3.

**Interrogatory No. 4:** Using 100% to report the total responsibility for the occurrence and any damages resulting from it, apportion the responsibility between the two parties to this case:

Ford Motor Company ___69___ %

Eric Polston ___31___ %

## INTERROGATORY NO. 5

**Instruction:** Answer this Interrogatory only if you answered Interrogatory No. 2 "Yes." You should not reduce the damages awarded, if any, by the percentage of fault, if any, charged to Eric Polston. The Court will make that reduction, based on the percentage of fault you apportioned to him, unless his percentage of fault is equal to or greater than that of Ford Motor Company, in which case Mr. Polston will not recover any damages.

**Interrogatory No. 5:** State the total amount of damages that you find, based on a preponderance of the evidence, Eric Polston sustained in the occurrence: $ _19,000,000_ .

Sign and date this form and advise the Court that you have finished your deliberations.

_____
Foreperson

_10/15/2010_
Date