IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ERIC N. POLSTON                                                               PLAINTIFF

v.                       Case No. 3:08-cv-206-DPM

FORD MOTOR COMPANY, INC.                         DEFENDANT

ORDER

Both parties have filed post-judgment motions: Polston renews his motion for judgment as a matter of law, seeking amendment of the judgment to that end; Ford likewise renews its motion for judgment as a matter of law and moves alternatively for a new trial.

The Court denies Polston's motion. For the reasons previously given, *Document No. 110, at 2-6*, the Court still concludes that Arkansas law does not support breaking the chain of causation as requested. Polston's negligence, a reasonable juror could conclude, was a proximate cause of his damages because (among other things) he could have stopped the van at the culvert. Moreover, as the Court has noted before, Polston's theory and proof were that the unique combination of circumstances and physics caused and defined what happened in the accident. The circumstances leading to the inadvertent

release were, the fact-finder could conclude, as much of a proximate cause as was the design. The law cannot deconstruct this chaotic event in the way Polston suggests without (as Ford well argues) eliminating the manufacturer's comparative-fault defense under Arkansas law. Ford is correct that Polston did not articulate his argument at trial in terms of a different rule for "crashworthiness" cases; but Polston was plain, and repeatedly so, that he did nothing to proximately cause his injuries. "Crashworthiness" is the same argument with a label and supporting authorities.

But the Court can discern no clear indication from precedent that the Arkansas Supreme Court would probably adopt the rule suggested by Polston—which would seem to make strict liability for product defects absolute, or nearly so, and which stumbles over Arkansas's comparative-fault statute. *Williams v. Mozark Fire Extinguisher Company*, 318 Ark. 792, 795–96, 888 S.W.2d 303, 304–05 (1994), makes this point, albeit in a negligence-based products case. Finally, if there was any error here, the right remedy would be a new trial without the comparison of fault, not taking the jury's damages

decision but leaving its apportionment. Ford is correct on this remedy point. In the event, however, Polston has not asked for a new trial.

The Court also denies Ford's renewed motion for judgment and its new motion for another trial. First, on the sufficiency of Polston's proof about defect and proximate cause, the Court has nothing to add to its earlier analysis. *Document No. 110, at 2-6*. Second, for the reasons stated on the record at trial, the Court stands by its discretionary decision to inform the jury about the effect of the apportionment and let both parties argue this issue in closing. The Court continues to believe that, on balance, complete information was better than silence because this attentive jury would have been left to speculate why it was apportioning fault and what effect the apportionment would have. Last, the Court sees no legal basis for a new trial. Reasonable people could disagree about where the greater weight of the evidence in this case rested; but the jury's verdict was not against the clear weight of all the evidence.

The parties' post-judgment motions, *Document Nos. 116 & 117*, are denied.

So Ordered.

_____
D. P. Marshall Jr.
United States District Judge

20 January 2011